# Supreme Court of Florida

————————

No. SC18-1970

————————

## IN RE:  CERTIFICATION OF NEED
## FOR ADDITIONAL JUDGES.

December 28, 2018

PER CURIAM.

This opinion fulfills our constitutional obligation to determine the State's

need for additional judges in fiscal year 2019/2020 and to certify our "findings and

recommendations concerning such need" to the Legislature.[1]  Certification is "the

sole mechanism established by our constitution for a systematic and uniform

---

1.  Article V, section 9 of the Florida Constitution provides in pertinent part:

> **Determination of number of judges.** —The supreme court
> shall establish by rule uniform criteria for the determination of the
> need for additional judges except supreme court justices, the necessity
> for decreasing the number of judges and for increasing, decreasing or
> redefining appellate districts and judicial circuits.  If the supreme
> court finds that a need exists for increasing or decreasing the number
> of judges or increasing, decreasing or redefining appellate districts
> and judicial circuits, it shall, prior to the next regular session of the
> legislature, certify to the legislature its findings and recommendations
> concerning such need.

assessment of this need." *In re Certification of Need for Additional Judges*, 889 So. 2d 734, 735 (Fla. 2004).

In this opinion, we certify the need for two additional circuit court judgeships in the Ninth Judicial Circuit, one additional circuit court judgeship in the First Judicial Circuit, one additional circuit court judgeship in the Fourteenth Judicial Circuit, four additional county court judgeships in Hillsborough County, and no additional judgeships in the district courts of appeal. We decertify the need for two county court judgeships in Brevard County and one county court judgeship in Pasco County.

To make this decision, the Florida Supreme Court continues to use a verified objective weighted caseload methodology as a primary basis for assessing judicial need.[2] The objective data are supplemented by judgeship requests submitted by the lower courts, including various secondary factors. These secondary factors identified by each chief judge reflect local differences in support of their requests for more judgeships or in support of their requests to not decertify judgeships in situations where the objective case weights alone would indicate excess judicial capacity. Applying the criteria in this two-step methodology, this Court concludes that the First, Ninth, and Fourteenth circuits have a demonstrable need for

---

2. Our certification methodology relies primarily on case weights and calculations of available judge time to determine the need for additional trial court judges. *See* Fla. R. Jud. Admin. 2.240.

additional circuit judges. Using the same criteria, this Court has concluded that the secondary factor analysis and uncertainty that are further explained below warrant fewer decertifications than the raw numbers alone would indicate.

A number of issues require additional study, review, and consideration because they impact our ability to accurately project judicial need. First is the potential impact of a jurisdiction change in county court. In view of the attention given during the 2018 legislative session to the issue of county court jurisdiction, this Court issued *In re Work Group on County Court Jurisdiction*, Fla. Admin. Order No. AOSC18-39 (Aug. 1, 2018), establishing the Work Group on County Court Jurisdiction within the Judicial Management Council. We directed that work group to review the county court and small claims jurisdictional limits, which have not been adjusted since 1992 and 1996 respectively, and we instructed the work group to further consider and examine operational and workload issues that would be affected if those limits were to be adjusted upward. The report of that work group was submitted on November 30 of this year and is currently under review by this Court. Given the recent interest by the Florida Legislature in adjusting county court jurisdiction, it is possible county court jurisdiction thresholds for civil cases, the procedures and path for appeals in certain cases, and small claims jurisdiction amounts may be adjusted. Precise estimates of how these changes would affect objective measures are challenging when considered individually and more so

when multiple adjustments are contemplated. Any of the changes can reasonably be expected to shift workload in county, circuit, and appellate courts.

Additionally, trial court judges report that changes in law since the current case weights were developed in 2015 have resulted in more judicial involvement in cases generally. An example is the recent amendments to section 790.401, Florida Statutes (2018), creating an action known as a petition for a risk protection order to prevent persons who are at high risk of harming themselves or others from accessing firearms or ammunition. Since enactment of this legislation in March 2018, the courts have handled approximately 100 of these actions per month around the state. The impact of this and other legislation, such as section 825.1035, Florida Statutes (2018), the statute creating vulnerable adult injunctions, requires careful assessment.

Similarly, with the growth of problem-solving courts throughout the state and the increased number of cases handled by those problem-solving courts, it is important for this Court, in its consideration of assessment of judicial need, to evaluate the impact to judicial workload these courts create. While these courts show positive results in reduced recidivism and better outcomes for citizens, they also require significantly more judicial time.

This Court is reluctant to decertify judgeships while important reviews it has ordered, some of which may revise the very rules governing its analysis, are

pending. Specifically, this Court has directed the Commission on Trial Court Performance and Accountability to review Florida Rule of Judicial Administration 2.240. This review will include an assessment of the secondary factors influencing judicial certification to determine if there are areas of inconsistency, overlap, or gaps between current factors in the case-weight formula and the unique local differences reported by the chief judges in the secondary factors portion of the evaluation of judicial need. The Commission has been specifically instructed to review rules 2.240(b)(1)(B) and 2.240(c), Florida Rules of Judicial Administration, concerning secondary factors to determine if there is a need to recommend modifications.

Finally, we note a need to monitor and consider any increases in litigation in the storm-impacted areas of the state, especially indebtedness and contract cases associated with Hurricane Irma in 2017 and Hurricane Michael in October 2018.

Having conducted a quantitative assessment of trial court and appellate court judicial workload and, as noted above, having also considered the various qualitative factors, workload trends, and uncertainties under consideration by this Court, we certify the need for eight additional trial court judges in Florida, consisting of four in circuit court and four in county court, as set forth in the appendix to this opinion. We are also recommending the decertification of three

county court judgeships, also identified in the appendix, and we certify no need for additional judges in the district courts of appeal.

It is so ordered.

CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and LAWSON, JJ., concur.

Original Proceeding – Certification of Need for Additional Judges

# APPENDIX
## Trial Court Need

| Circuit | Circuit Court Certified Judges | County | County Court Certified Judges | County Court Decertified Judges |
|---|---|---|---|---|
| 1 | 1 | N/A | 0 | 0 |
| 2 | 0 | N/A | 0 | 0 |
| 3 | 0 | N/A | 0 | 0 |
| 4 | 0 | N/A | 0 | 0 |
| 5 | 0 | N/A | 0 | 0 |
| 6 | 0 | Pasco | 0 | 1 |
| 7 | 0 | N/A | 0 | 0 |
| 8 | 0 | N/A | 0 | 0 |
| 9 | 2 | N/A | 0 | 0 |
| 10 | 0 | N/A | 0 | 0 |
| 11 | 0 | N/A | 0 | 0 |
| 12 | 0 | N/A | 0 | 0 |
| 13 | 0 | Hillsborough | 4 | 0 |
| 14 | 1 | N/A | 0 | 0 |
| 15 | 0 | N/A | 0 | 0 |
| 16 | 0 | N/A | 0 | 0 |
| 17 | 0 | N/A | 0 | 0 |
| 18 | 0 | Brevard | 0 | 2 |
| 19 | 0 | N/A | 0 | 0 |
| 20 | 0 | N/A | 0 | 0 |
| **Total** | **4** | **Total** | **4** | **3** |